IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF MISSISSIPPI
ABERDEEN DIVISION

SCOTTY B. LYLES                                                                                          PLAINTIFF

V.                                                                                      NO. 1:14-CV-00018-DMB-JMV

STATE OF MISSISSIPPI                                                                                    DEFENDANT

**MEMORANDUM OPINION AND ORDER**

This matter comes before the Court on the pro se petition of Scotty B. Lyles, Mississippi prisoner # R4387, for a writ of habeas corpus under 28 U.S.C. § 2254. The respondent has moved to dismiss the petition as time-barred pursuant to § 2244(d), and the petitioner has responded. The matter is now ripe for resolution. For the reasons set forth below, the respondent's motion is granted, and the instant petition will be dismissed with prejudice.

**I.
Facts and Procedural History**

The petitioner was convicted of armed robbery in the Circuit Court of Oktibbeha County, Mississippi. By order entered May 4, 2007, he was sentenced as an habitual offender to serve a term of life in the custody of the Mississippi Department of Corrections (Circuit Court No. 2007-044-CR). Doc. #6-1. The petitioner appealed his conviction and sentence to the Mississippi Supreme Court, which assigned the case to the Mississippi Court of Appeals.[1] On May 19, 2009, the Mississippi Court of Appeals affirmed the judgment of the circuit court. Doc. #6-2; *see also Lyles v. State*, 12 So.3d 552 (Miss. Ct. App. 2009) (No. 2007-KA-00994-COA). According to

---

[1] On July 2, 2007, the petitioner filed a petition for habeas corpus in the Circuit Court of Oktibbeha County, Mississippi, seeking to challenge his armed robbery conviction. Doc. #6-3. As discussed below, because the petitioner's direct appeal was pending at the time, the circuit court did not have jurisdiction to consider the matter.

the respondent, the petitioner subsequently filed a "Motion for Enlargement of Time to File Motion for Rehearing," but no motion for rehearing was ever filed. Doc. #6 at 3.

On July 2, 2012, the petitioner filed an "Application for Leave to Proceed in the Trial Court with a Motion for Post-Conviction Relief" in the Mississippi Supreme Court. Doc. #6-4 (No. 2012-M-01062). By order signed on December 13, 2012, the Mississippi Supreme Court granted the petitioner leave to proceed in the trial court on his claim that his due process rights were violated when his indictment was amended after trial to charge him as a habitual offender. Doc. #6-5. The circuit court subsequently dismissed the motion for post-conviction relief by order entered on February 11, 2013. Doc. #6-6. According to the Mississippi Supreme Court's public docket entries, the petitioner did not appeal the decision denying post-conviction relief. *See* http://courts.ms.gov/appellate_courts/generaldocket.html (search by name "Scotty Lyles" and select No. 2012-M-01062) (last visited May 15, 2014). The petitioner then signed the instant petition on January 29, 2014, and it was filed in this Court on February 3, 2014.

On April 4, 2014, the respondent filed a Motion to Dismiss the instant action, arguing that the petition is untimely under 28 U.S.C. § 2244(d), and, in the alternative, that it is unexhausted. On May 14, 2014, the petitioner responded to the dismissal motion. This matter is now ripe for review.

## II.
## Legal Standard

The instant petition for writ of habeas corpus is subject to the statute of limitations of the Anti-Terrorism and Effective Death Penalty Act of 1996 ("AEDPA"). *Egerton v. Cockrell*, 334 F.3d 433, 436 (5th Cir. 2003). The issue of whether the respondent's motion should be granted turns on the statute's limitation period, which provides:

2

> (d)(1) A 1-year period of limitation shall apply to an application for a writ of habeas corpus by a person in custody pursuant to the judgment of a State court. The limitation period shall run from the latest of –
>
> > (A) the date on which the judgment became final by the conclusion of direct review or the expiration of the time for seeking such review;
> >
> > (B) the date on which the impediment to filing an application created by State action in violation of the Constitution or the laws of the United States is removed, if the applicant was prevented from filing by such State action;
> >
> > (C) the date on which the constitutional right asserted was initially recognized by the Supreme Court, if the right has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review; or
> >
> > (D) the date on which the factual predicate of the claim or claims presented could have been discovered through the exercise of due diligence.

28 U.S.C. § 2244(d)(1). The federal limitations period is tolled during the pendency of a "properly filed application for State post-conviction or other collateral review." *See* 28 U.S.C. § 2244(d)(2). In "rare and exceptional circumstances," the limitations period may be equitably tolled. *Felder v. Johnson*, 204 F.3d 168, 170–71 (5th Cir. 2000) (citations omitted).

### III.
### Discussion

A state judgment generally becomes final "upon denial of certiorari by the Supreme Court or expiration of the period" of time to seek such relief. *Ott v. Johnson*, 192 F.3d 510, 513 (5th Cir. 1999). When a petitioner fails to seek discretionary review in State court, he "stops the appeal process." *Roberts v. Cockrell*, 319 F.3d 690, 694 (5th Cir. 2003). In such cases, the conviction becomes final when "the time for seeking further direct review" in state court expires. *Id.*; *see also* 28 U.S.C. § 2244(d)(1)(A). Pursuant to Mississippi law, the petitioner had fourteen

3

days after his conviction was affirmed on direct appeal to file a motion for rehearing. *See* Miss. R. App. P. 40(a). Because the petitioner did not file a petition for rehearing, his conviction became final fourteen days after May 19, 2009, the date his conviction was affirmed. Therefore, his conviction became final for purposes of the AEDPA on June 2, 2009 (May 19, 2009, plus fourteen days).[2] *See* Miss. R. App. P. 40; *see also Gonzalez v. Thaler*, ___ U.S. ___, 132 S. Ct. 641, 653–54 (2012) (holding that when a petitioner does not pursue direct review all the way to the Supreme Court, "the judgment becomes final at the 'expiration of the time for seeking such review'–when the time for pursuing direct review in this Court, or in state court, expires"). Therefore, absent statutory or equitable tolling, the petitioner's petition for federal habeas relief was due on or before June 2, 2010.

The petitioner's federal habeas petition was "filed" sometime between January 29, 2014, and February 3, 2014. *See Coleman v. Johnson,* 184 F.3d 398, 401 (5th Cir. 1999) (holding that the "mailbox rule" deems a pro se prisoner's petition filed on the date it is delivered to prison officials for mailing). Either date is well past the AEDPA deadline date of June 2, 2010. Accordingly, the petition is untimely unless the period was tolled. In this regard, the Court must consider whether the federal limitations period was tolled during the pendency of a "properly filed" application for post-conviction relief. *Grillette v. Warden*, 372 F.3d 765, 769 (5th Cir. 2004) (citations omitted).

Although the petitioner filed a petition for habeas corpus in the Circuit Court of Oktibbeha County on July 2, 2007, his direct appeal was pending at the time. Therefore, the court did not have jurisdiction to consider the petition. *See* Miss. Code Ann. § 99-39-7 (providing that in cases where the petitioner has appealed his conviction and sentence to the

---

[2] The Court notes that the exceptions of § 2244(d)(1)(B-D) are inapplicable in this case.

Mississippi Supreme Court, a post-conviction motion cannot be filed in the trial court until it is first presented and approved by a quorum of Mississippi Supreme Court justices). Accordingly, the July 2, 2007, petition was not a "properly filed" application that would toll the federal limitations period under § 2244(d)(2).

Although the petitioner argues that his petition is timely because his "year for total state exhaustion has not expired," Docs. #1, 13, he did not seek post-conviction relief in state court via a properly filed application for post-conviction relief until July 2, 2012. The one-year deadline prescribed by the AEDPA had expired when the petitioner sought post-conviction relief. Therefore, the petitioner is not entitled to statutory tolling for the period of time that his post-conviction application was pending. *See* 28 U.S.C. § 2244(d)(2) (tolling the federal statute of limitations while a "properly filed" application is pending). Accordingly, federal habeas relief is available to the petitioner only if he can demonstrate that his case involves "rare and exceptional circumstances" that would warrant an equitable tolling of the limitations period. *Felder v. Johnson*, 204 F.3d 168, 170–71 (5th Cir. 2000) (citations omitted).

While equitable tolling is available "if the [petitioner was] actively misled by the defendant about the cause of action or [was] prevented in some extraordinary way from asserting his rights," there is no indication in the record to conclude that either circumstance is applicable to the petitioner's delay. *Lookingbill v. Cockrell*, 293 F.3d 256, 264 (5th Cir. 2002) (citations omitted). There are no "rare and exceptional" circumstances in this case that would warrant equitable tolling, and the instant petition will be dismissed as untimely.

The Court finds, alternatively, that the instant petition should be dismissed with prejudice on the grounds of procedural default. A petitioner seeking federal habeas relief must first exhaust his available state court remedies. *See* 28 U.S.C. § 2254(b) and (c); *O'Sullivan v.*

*Boerckel*, 526 U.S. 838, 840 (1999). The exhaustion requirement is satisfied when the habeas claim has been presented to the highest state court in a procedurally proper manner. *Mercadel v. Cain*, 179 F.3d 271, 275 (5th Cir. 1999). If a petitioner fails to exhaust his claims prior to seeking federal habeas relief, his federal habeas petition must ordinarily be dismissed. *See Coleman v. Thompson,* 501 U.S. 722, 731 (1991); *see also Duncan v. Walker*, 533 U.S. 167, 178–79 (2001) ("The exhaustion requirement of § 2254(b) ensures that the state courts have the opportunity fully to consider federal-law challenges to a state custodial judgment before the lower federal courts may entertain a collateral attack upon that judgment.").

As discussed above, the petitioner never properly submitted his claims to the State's highest court for review. However, due to his failure to timely move for rehearing, the petitioner no longer has an opportunity to submit his claims to the Mississippi Supreme Court in a procedurally proper manner. Consequently, the petitioner has technically exhausted the claims in the instant petition, and the claims are considered procedurally defaulted. *See Jones v. Jones*, 163 F.3d 285, 296 (5th Cir. 1998) ("[W]hen federal habeas claims are technically exhausted because, and only because, [petitioner] allowed his state law remedies to lapse without presenting his claims to the state courts. . . [,] there is no substantial difference between nonexhaustion and procedural default.") (citation and internal quotation marks omitted). The Court is barred from reviewing a procedurally defaulted claim absent the petitioner's affirmative showing of cause for the default and resulting prejudice, or that a fundamental miscarriage of justice would result from the Court's failure to consider the claim. *See, e.g., Sones v. Hargett*, 61 F.3d 410, 416, 418–19 (5th Cir. 1995). No such showing has been made in this instance, and the Court finds that the petition is subject to dismissal on the basis of procedural default.

## IV.
### Certificate of Appealability

Pursuant to Rule 11(a) of the Rules Governing § 2254 Cases, this Court must issue or deny a certificate of appealability ("COA") upon the entry of a final order adverse to the petitioner. The petitioner must obtain a COA before appealing this Court's decision denying federal habeas relief. *See* 28 U.S.C. § 2253(c)(1). Because the petitioner's petition for writ of habeas corpus was rejected on procedural grounds, he must demonstrate "that jurists of reason would find it debatable whether the petition states a valid claim of the denial of a constitutional right and that jurists of reason would find it debatable whether the district court was correct in its procedural ruling" in order to obtain a COA. *Slack v. McDaniel*, 529 U.S. 473, 484 (2000). Applying this standard, the Court concludes that a COA should be denied in this case.

## V.
### Conclusion

For the reasons set forth in this Memorandum Opinion and Order, the Court **GRANTS** the respondent's "Motion to Dismiss Pursuant to § 2244(d)" and **DISMISSES** with prejudice the petition filed in this cause. A certificate of appealability is **DENIED**, as the petitioner failed to show his petition timely and to make "a substantial showing of the denial of a constitutional right." 28 U.S.C. § 2253(c)(2).

SO ORDERED, this the 28th day of May, 2014.

/s/ Debra M. Brown
**UNITED STATES DISTRICT JUDGE**